IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH BROWN, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| v. | ) | No. 06 C 3479 |
| | ) | |
| KEN BARTLEY, | ) | Honorable David H. Coar |
| Warden, Pinckneyville Correctional Center, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION AND ORDER

Before this Court is Kenneth Brown's request for a Certificate of Appealability pursuant to Fed. R. App. Proc. 22(b)(1). [Dkt. 40.] For the reasons set forth below, the request is DENIED.

### BACKGROUND

In September of 1998, Brown was tried in the Circuit Court of Cook County on six separate indictments arising from a series of attacks on six women in the North Side of Chicago. Brown was initially charged with an attack on a seventh woman, but the charges were dropped after testing revealed that DNA evidence recovered from the victim did not match Brown's DNA profile. When Brown tried to admit this DNA evidence at trial, under the theory that a look-alike perpetrator was attacking women in the same neighborhood at the same time, the trial court excluded the evidence.

1

On September 16, 1998, the jury convicted Brown of kidnapping and unlawful restraint under one indictment, attempted criminal sexual assault under another, and unlawful restraint under a third. The jury found Brown not guilty of the remaining charges. The trial court sentenced Brown to consecutive terms of seven years for kidnapping, three years for each unlawful restraint conviction, and seven years for the attempted criminal sexual assault conviction. Brown appealed and filed a petition for post-conviction relief.

On June 23, 1999, Brown came before a different judge in the Circuit Court of Cook County, for bench trial on another attack in Berwyn, a suburb of Chicago. Brown was convicted of attempted first-degree murder, attempted criminal sexual assault, unlawful restraint, and aggravated battery. At sentencing, the trial court merged the counts and sentenced Brown to 30 years' imprisonment, which was to run consecutively to Brown's existing 17 year sentence. The Illinois Appellate Court affirmed Brown's conviction and the Illinois Supreme Court denied Brown's petition for leave to appeal ("PLA") on May 30, 2002.

On June 15, 2006, Brown filed a petition for federal habeas corpus relief, presenting a number of procedurally defaulted and untimely claims. Among them was a claim that Brown was subjected to double jeopardy when, at the Berwyn trial, he was convicted of a crime that allegedly occurred at the same time as an attack for which he was acquitted at his North Chicago trial. Brown also made a number of procedurally defaulted claims complaining of police misconduct during the course of both state proceedings. In a separate and timely claim, Brown argued that the trial court in his North Chicago proceeding violated his constitutional right to present relevant and

competent evidence in his defense when it refused to admit the DNA evidence exonerating Brown of the seventh attack. *See Crane v. Kentucky*, 476 U.S. 683, 683 (1986); *Taylor v. Illinois*, 484 U.S. 400, 409 (1988).

On March 11, 2010, this Court denied Brown's petition for writ of habeas corpus. *Brown v. Bartley*, No. 06 CV 3479, 2010 WL 960372 (Mar. 11, 2010). The Court found that claims arising from Brown's second state court proceeding were barred by the relevant statute of limitations. *See* 28 U.S.C. § 2244(d). The Court denied all claims relating to police, judicial, and prosecutorial misconduct as procedurally barred, because Brown had raised them for the first time in either his PLA or habeas petition. Finally, the Court concluded that the Illinois Appellate Court conducted a reasonable analysis when it held that the Cook County Circuit Court erred in barring Brown's DNA evidence, but that the error was harmless in light of the overwhelming evidence in support of Brown's guilt. Brown requested a Certificate of Appealability on April 12, 2010.

**LEGAL STANDARD**

A petitioner may only appeal the denial of a habeas petition if he obtains a Certificate of Appealability. 28 U.S.C. § 2254(c)(1). A court may issue a Certificate where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). If a court denies a petition on procedural grounds, a petitioner must show that both the procedural ruling and the underlying constitutional claim are debatable. *Id.* at 484. If the district

court denies the request for a Certificate of Appealability, a petitioner may request that a circuit judge issue one. Fed. R. App. Proc. 22(b)(1)(3).

## ANALYSIS

The Court finds unavailing Brown's arguments in support of his request for a Certificate of Appealability. Brown first cites *Holmes v. South Carolina*, 547 U.S. 319, for the proposition that a defendant has a constitutional right to present DNA evidence of the sort excluded at Brown's trial. In *Holmes*, the Supreme Court addressed the constitutionality of a state court's interpretation of an evidentiary rule. The state court had read the rule to categorically bar evidence of third-party guilt whenever the prosecution's case was supported by particularly strong forensic or other evidence. *Id.* at 328-29. The Supreme Court acknowledged that, generally, rules barring evidence of third-party guilt, where such evidence bears little probative value or has potential adverse effects, easily pass constitutional muster. *Id.* at 326-27. But replacing that inquiry with one hinging on the strength of the prosecution's case alone results in an illogical, arbitrary rule that does not serve the end that third-party guilt rules are typically designed to further. *Id.* at 331. The Supreme Court held that applying an evidentiary rule in such a fashion interferes with the constitutional right to have "a meaningful opportunity to present a complete defense." *Id.* at 324-330 (internal citations omitted).

*Holmes* does not apply to Brown's case. The Court finds no indication in the record that the trial court had interpreted Illinois evidentiary rules in the manner rejected by *Holmes*. (Sept. 8, 1998 Tr. B-14:7-B-16:15.) Even if the Cook County Circuit Court had engaged in a comparable analysis, the Illinois Appellate Court conceded that the trial

4

court erred in barring Brown's DNA evidence. It is the appellate court's characterization of the error as harmless that lies at the heart of Brown's claim. In other words, the issue before this Court is not whether the DNA evidence should have been admitted, but whether the Illinois Appellate Court's harmless-error analysis was a reasonable application of clearly established federal law. *See Chapman v. California*, 386 U.S. 18, 24 (1967) ("[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt."); *Mitchell v. Esparza*, 540 U.S. 12, 17-18 (2003) (to find constitutional error, federal court must determine if the state court's harmless-error analysis was "objectively unreasonable"). As the Court explained in its original order, the appellate court's analysis was clearly reasonable, given the overwhelming evidence pointing to Brown's guilt in the three attacks for which he was convicted.

Brown also fixates on the fact that he was not given the opportunity to present evidence of perjury by a detective in the case involving the seventh attack, for which charges against Brown had been dropped. The officer allegedly communicated with the Berwyn authorities to incriminate Brown. On February 22, 2010, the Court granted Brown's "motion to file documents, negative DNA test results, and grand jury testimony from Detective Karen Salvi" and gave him until April 1 to submit the proposed documentation. The Court also took under advisement Brown's motion to subpoena the DNA test results from the seventh attack. On March 11, 2010, before the deadline set by the Court for the production of Brown's documents, the Court denied his motion to subpoena as moot when the Court denied Brown's habeas petition. Since these orders appear to create a point of confusion for Brown, the Court will elaborate on its reasoning.

The Court mooted the motion with regard to Detective Salvi's testimony because, regardless of the nature of the proffered evidence, all of Brown's police misconduct claims were procedurally barred. Claims that have not been presented in a complete round of state court review may not be considered in a petition for habeas corpus. *See Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Since Brown failed to bring the issue of police misconduct to the attention of Illinois courts until his habeas petition, the Court may not consider them now. Brown has offered nothing to challenge the Court's conclusion that he failed to satisfy the cause-and-prejudice test or establish a fundamental miscarriage of justice, as required to excuse his procedural default. *See Steward v. Gilmore*, 80 F.3d 1205, 1211 (7th Cir. 1996). Moreover, all claims relating to the Berwyn trial are untimely and therefore unreviewable. As for the DNA test results, the fact that they exonerate Brown of a crime for which he was neither tried nor convicted is not in dispute. Brown's motion is moot because the test results do not affect the reasonableness of the state appellate court's harmless-error analysis or this Court's final ruling.

The Court has thoroughly reviewed its memorandum opinion and order denying Brown's petition, and finds no basis to conclude that its holdings were either debatable or wrong. Reasonable jurists would not disagree that Brown has either failed to make a substantial showing of the denial of a constitutional right, filed his petition after the expiration of the applicable period of limitations, or procedurally defaulted most of his claims. Consequently, the Court declines to issue Brown a Certificate of Appealability.

## CONCLUSION

For the foregoing reasons, Brown's request for a Certificate of Appealability [Dkt. 40] is DENIED. He may seek a certificate from the court of appeals under Fed. R.App. P. 22. [1]

Enter:

/s/ David H. Coar

---

David H. Coar
United States District Judge

Dated: **April 22, 2010**

---

[1] Brown has requested the return of documents submitted to the Court to facilitate his appeal. These documents are filed and preserved as part of the official record and cannot be returned to him. If the Seventh Circuit grants Brown a Certificate of Appealability, he may at that time designate the contents of the record to be considered on appeal.